UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT LARSEN, III, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>NATIONAL APPLICATION PROCESSING & SCREENING, INC.,<br><br>     Defendant. | CIVIL ACTION FILE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Albert Larsen ("Plaintiff"), on behalf of himself and all others similarly situated, by counsel, hereby files his Class Action Complaint against Defendant National Application Processing & Screening, Inc. ("Defendant"), and states as follows:

## INTRODUCTION

1. This is a class action for statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to Section 1681i(a) of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA"). Plaintiff also asserts an individual claim under Section 1681e(b) of the FCRA and seeks actual damages, punitive damages, attorney's fees and costs in relation to his individual claim.

2. Plaintiff is an individual and resides in Alabama. Defendant is a consumer reporting agency and subject to the FCRA. Defendant maintains a credit file concerning Plaintiff. Defendant is aware of the FCRA and of its obligations under the FCRA.

3. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA.

4. As set forth below, Defendant prepared and issued a false and inaccurate background check consumer report dated March 5, 2024 concerning Plaintiff ("Background Report") stating that Plaintiff was a convicted felon. This was false. Plaintiff has never been convicted of any crimes, let alone any felonies.

5. Defendant violated the FCRA when it failed to follow reasonable procedures when preparing the Background Report. Defendant's inaccurate Background Report caused Plaintiff to lose out on a job opportunity with a school. Plaintiff asserts an individual FCRA claim as a result.

6. When Plaintiff learned of Defendant's false and inaccurate Background Report, he sent Defendant a dispute letter explaining its error ("Dispute Letter"). Defendant received the Dispute Letter but failed to respond within the thirty (30) days mandated by the FCRA. Defendant has not responded to the Dispute Letter to date. Plaintiff asserts a class FCRA claim as a result to seek relief for himself and all others similarly situated.

7. Plaintiff, and the Class, suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

8. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4). Plaintiff also asserts his individual claim.

9. At all times material to this action, Plaintiff was a resident of Alabama.

10. At all times material to this action, Defendant was an Alabama for-profit corporation with its principal place of business located at 1920 3rd Avenue North, Bessemer, AL 35020. Defendant does business in this District.

11.     Defendant may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: Jerry Barnett, 1930 3rd Avenue North, Bessemer, AL 35020.

12.     The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

13.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

14.     Defendant is subject to the jurisdiction of this Court.

### FACTUAL ALLEGATIONS

15.     Plaintiff lives and works in Alabama.

16.     Defendant is a consumer reporting agency that prepares background screening reports on consumers. The background screening reports that Defendant prepares are consumer reports under the FCRA.

17.     Defendant compiles its background screening reports using multiple sources of information and then compiles that information into a consumer report.

18.     Defendant then sells its background screening reports for a profit.

19.     In the present case, Defendant prepared the Background Report concerning Plaintiff in which Defendant reported that Plaintiff had a felony conviction for failure to redeliver hired or leased property with a value of more than $300. This was false because Plaintiff was never charged with such a crime nor convicted of it. He had nothing to do with the charge/felony conviction.

20. Defendant failed to follow reasonable procedures when it prepared its Background Report on Plaintiff because a thorough investigation of the felony charge would have revealed that it did not belong to Plaintiff.

21. Plaintiff disputed the inaccurate Background Report with Defendant by sending it his Dispute Letter by certified mail and enclosing a police report. Per USPS tracking, Defendant received Plaintiff's Dispute Letter on October 6, 2025.

22. Defendant was obligated under the FCRA to undertake an investigation of Plaintiff's Dispute Letter within 30 days of receipt. Defendant was obligated under the FCRA to send Plaintiff the results of any such investigation.

23. Defendant did not investigate Plaintiff's Dispute Letter within 30 days of its receipt of same. Defendant did not send Plaintiff the results of any investigation of his Dispute Letter. It has now been more than 60 days since Defendant received Plaintiff's Dispute and Defendant has still not responded to Plaintiff.

24. Defendant violated the FCRA by (i) failing to conduct an investigation of Plaintiff's Dispute Letter within 30 days of receipt and (ii) failing to send Plaintiff the results of any such investigation.

25. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him and the proposed Class.

26. Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> All consumers within the United States from whom Defendant received, within the two years prior to the filing of this Complaint through the date of the Court's approval of class certification, a dispute of the accuracy of information in their credit file maintained by Defendant and thereafter failed to (i) complete an

investigation of the dispute within 30 days of its receipt of same and/or (ii) send the consumer the results of such investigation.

27. The Plaintiff is a member of this Class. Specifically excluded from the Class are the following: (1) Defendant and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

28. The members of the Class are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about Defendant's failure to timely investigate disputes and report the outcome to consumers, numerous consumers have been victims of Defendants' failures.

29. Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members. Among such common questions of law and fact are the following:

A. Whether Defendant has systematically engaged in the practice of failing to undertake investigations of consumer disputes and reporting the results to them.

30. Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The Class claims are, in fact, identical.

31. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained

attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

  32. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

  A. Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in Alabama are known to be pending as of the date of filing this Complaint.

  B. When the liability of Defendant has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

  C. Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendant mistreated under the FCRA will go without legal remedy.

D.  Without this class action, the Class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while Defendant continues to reap benefits of its unlawful activity.

33. No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendant can be readily identified through business records of Defendant including its dispute records.  Similarly, the proposed Class is objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendant. Notice and claims administration can therefore be managed efficiently and accurately.

34. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and/or (ii) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

<u>**COUNT ONE-CLASS CLAIMS:**</u>

**Defendant's Willful Violations of the FCRA-Section 1681i(a)**

35. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

36. Defendant willfully violated Section 1681i(a)(1) and (6) the FCRA by knowingly, or recklessly, failing to conduct investigations of disputes within 30 days of receipt and thereafter

7

reporting the results to consumers. Defendant knew of its obligations under the FCRA and knowingly, or recklessly, failed to execute them.

37. As a result of Defendant's willful violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including delay in having their disputes processed thereby contributing to having inaccurate information on their credit reports longer and living with the distress caused by not knowing the status of their disputes of inaccurate information on their files – including felonies that do not belong to them.

38. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

39. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for statutory and punitive damages as a result of its willful violations of the FCRA.

40. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

## COUNT TWO-INDIVIDUAL CLAIM:

**Defendant's Negligent/Willful Violations of the FCRA-Section 1681e(b)**

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

42. Defendant negligently and willfully violated the FCRA by failing to follow reasonable procedures when it prepared its Background Report on Plaintiff in violation of Section 1681e(b) of the FCRA.

43. As a result of Defendant's negligent and willful violations of the FCRA, Plaintiff has been damaged as set forth above including the loss of a job and emotional distress.

44.	Pursuant to 15 U.S.C. § 1681n and o, Defendant is liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

45.	Pursuant to 15 U.S.C. § 1681n and o, Defendant is liable to Plaintiff and the Class for actual damages as a result of its negligent and willful violations of the FCRA.

46.	Pursuant to 15 U.S.C. § 1681n and o, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court:

a.	Appoint Plaintiff's counsel as counsel for the Class;

b.	Appoint Plaintiff as representative for the Class;

c.	Certify the Class;

d.	Enter judgment in favor of Plaintiff and the Class for statutory damages, punitive damages, attorney's fees and costs;

e.	Enter judgment in favor of Plaintiff on his individual claim; and,

f.	Award such other relief to Plaintiff and the Class as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED**.

Dated: December 18, 2025.

> Respectfully submitted,
>
> */s/ Kirkland E. Reid*
> KIRKLAND E. REID
> Alabama Bar No. 9451I58K
> **The Finley Firm, P.C.**
> 200 13th Street
> Columbus, Georgia 31901
> Telephone: 706-322-6226
> Facsimile: 706-322-6221
> KReid@TheFinleyFirm.com

*/s/ John A. Love\**
John A. Love
Ga Bar No. 459155
**LOVE CONSUMER LAW**
(\**Pro hac vice petition to be filed*)
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

SETH M. LEHRMAN
Fla. Bar No. 132896
**LEHRMAN LAW**
(\**Pro hac vice* petition to be filed)
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
Telephone: 754-778-9660
E-mail: seth@lehrmanlaw.com

*Counsel for Plaintiff*